## CHAUTAUQUA COUNTY COURT.

TOWNSEND JACKSON, respond't agt. CHARLES ALLEN, appell't.

A *notice of appeal* from the judgment of a justice of the peace is not such *original process* as requires a U. S. revenue stamp; and if it does, it may be *amended* by the court, after review, by affixing the proper stamp thereto.

*Jamestown, November,* 1863.

APPEAL to the county court of Chautauqua county from a judgment rendered by a justice of the peace.

C. R. LOCKWOOD, *for respondent,* moved to dismiss the appeal, because no revenue stamp was affixed to the notice of appeal.

W. M. NEWTON, *for appellant.*

HAZELTINE, County Judge. This is a new question and of some importance, as many other appeals may be in a like condition. The act of congress, passed July 1, 1862, entitled "An act to provide internal revenue to support the government and to pay interest on the public debt," provides that writs or any other original process, by which any suit is commenced in any court of record, either in law or equity, shall have affixed thereto a stamp, the cost of which shall be fifty cents. The same act also provides that every instrument not so stamped shall be deemed invalid and of no effect. It is contended on the part of the respondent, that the notice of appeal is such process as the act of congress requires to be stamped, and that, as it is

the initiatory step by which a suit is brought into a court of record, it is original process by which a suit is commenced in such court. The appellant contends that the notice is not process, certainly not original process, within the act of congress, inasmuch as it does not commence a, suit in a court of record, but merely transfers an action, already commenced in a court not of record, to a higher court, being a court of record, for the purpose of reviewing the judgment of the court below, or of retrying the action in the court above after being tried in the court below.

To my mind the question is well put. If the suit had an existence before it was brought into the county court, can it with propriety be said to have been commenced then ? As I read the statute, it is the process through which a suit is instituted originally, or commences its first existence in a court of record, and not that by which it is removed into or continued in such a court, after being commenced in a lower court, which is the subject of taxation. An original suit is almost always commenced in a court of record, by the issuing of some mandate or writ requiring those against whom the suit is instituted to appear therein; and process of that character is clearly within the provisions of the excise law, which is said to be violated in the case before us. But what is there in our system of appealing that is analogous to such process ? Is it the notice that an appeal is taken, or the transcript of the proceedings in the court below which is required to be returned to the court above ? The decisions of the commissioner of internal revenue, upon which the respondent relies as authority, seem to point to the transcript as such process. They certainly in some cases regard the transcript as the process by which the suit is brought into the higher court, evidently taking the view that it is the suit, and not the instrument by which it is commenced, that is the subject of taxation. If congress had intended to impose a tax directly on suits thereafter brought, that object

Jackson agt. Allen.

could have been easily accomplished, and stamps would not have been required to effect it.

A slight examination of the act and of the schedules forming a part of it shows very clearly that the subjects of taxation are written instruments in general use, whose character and objects are well understood and which have a definite meaning. Such instruments are appropriate objects for stamp duties. Instead of taxing the indebtedness of one man to another, the evidence of that indebtedness, if reduced to writing, must be written on stamped paper, or have a stamp affixed to it. The transfer of a farm from one to another is not taxed, but the written conveyance, which is the evidence of that fact, must be stamped. So, instead of taxing suits which may be brought in courts of record, the instrument or process by which the suit is brought must be on stamped paper or have a stamp affixed.

I have therefore come to the conclusion that the notice of appeal is not such process as by the act of congress is required to be stamped. But as the case is new and important, it may be well to consider it in another aspect. If the act of congress requires such notice to be stamped, can it be amended, after review, by affixing a stamp ? The respondent contends that the neglect to affix a stamp before review renders the notice and all subsequent proceedings absolutely void. The terms used to define the character of our stamped process are certainly strong, but I do not think that they necessarily import that such process is void. The lawmakers well understood the distinctin between void things and things merely voidable. If they intended the want of a stamp should render all unstamped instruments, subject to the tax, absolutely void, it was very easy to have said so. A legal proceeding may be invalid and ineffectual, without being totally void. It is true, that when an obligation for the payment of money requires a stamp, and it has been made and accepted with-

out one, it cannot be made valid except by the act of the parties thereto. Being the act of the parties, no one else has any right or power to change it in any particular. But proceedings in courts are subject to the control of the courts, and are amendable in many cases by their orders. These orders are granted or refused, as the courts judge proper in the exercise of a sound legal discretion; that is, a discretion which is in conformity with legal enactments and well known precedents. And here the question arises : Can this notice of appeal, if a stamp should have been affixed thereto before it was served, be now amended by affixing one ? In my judgment, such an amendment may be made. By section 173 of the Code it is provided that the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, *or a mistake in any other respect.* Now, if this notice is a proceeding in an action in a court of record, it is clearly within this provision of the Code, and may be amended by affixing the proper stamp, if justice will thereby be furthered. By section 174 of the Code the courts are also authorized to supply an omission in any proceeding. Fuller authority for correcting mistakes and supplying omissions could not well be given; and it is difficult to conceive how the exercise of this authority by the courts can conflict with the revenue laws of the United States, when, by the very terms of the amendment which is allowed, the payment of the government duty is provided for. If a pecuniary penalty was incurred by not affixing the stamp in the first instance, the amendment does not prevent its enforcement, nor relieve the offender therefrom. It acts upon the process, and on that alone, and affects the party in default no further than it gives him standing in court on his complying with the order and paying the required duty.

But it may be said that allowing an amendment in this

case, by permitting a stamp to be affixed to the notice, would be virtually extending the time to appeal, more than twenty days having elapsed since the recovery of the judgment before the justice. I am aware that it has been held that the courts have not the power to extend the time within which an appeal may be taken under the sections of the Code to which I have referred. This objection to the amendment rests upon the assumption that an unstamped notice of appeal is absolutely void; a point that has already been discussed. The cases which hold that the time for appealing cannot be extended, admit that a defective notice of appeal may be amended. (*Fry* agt. *Bennett*, 16 *How. Pr. R.* 385.)

I find only two cases in which the effect of neglecting to affix a stamp to process has been considered, and neither of them reach the other question before us—whether a notice of appeal is such a process as requires a stamp. In the case of *Walton* agt. *Bryenth* (24 *How. Pr. R.* 357), an order had been obtained to vacate the proceedings on the ground that the summons had been filed without a revenue stamp. Judge BARNARD, of the supreme court, dismissed the order on the ground that congress had no right to interfere with the proceedings of the state courts. He held that congress might impose a penalty, but could not invalidate the proceedings of the state courts; and also, that the provision requiring a stamp was unconstitutional. This decision certainly takes broad ground, and in my judgment was uncalled for. I see no difficulty in sustaining the proceedings in the state courts without attacking the act of congress. It does not appear that in this case any proposition to amend was made or suggested.

In the *German Leiderkrans* agt. *Schiemann* (25 *How. Pr. R.* 388), which was in the superior court of New York, a motion was made to set aside the summons as void, it having been issued and served without a revenue stamp. It would seem, however, that a stamp had been affixed

after review, but without any order allowing an amendment. Judge WHITE, at special term, held, that the summons having been issued without a stamp was never duly or regularly issued, and that the subsequent affixing of a stamp to it would not cure the defect. He does not say the summons was void. Nor does it appear that an order permitting a stamp to be affixed was asked for. From what the judge says, the inference is that he would not have granted such an order. But an amendment may have been improper in that case, and yet allowable in this, if we adopt the theory that a stamp should have been affixed to the notice of appeal. A summons by which an action is commenced is clearly original process, and within the act of congress; and the neglect to affix a stamp may well be held inexcusable for that reason. Whether a notice of appeal is, is certainly not clear. That involves the question, whether such notice is a proceeding by which an action is commenced, and also the other question, whether the removal of an action, commenced in an inferior court, to a higher court for review, is the commencement of a new action.

The motion must be denied, but without costs; and the appellant may amend his notice of appeal by affixing a revenue stamp thereto, if he shall be advised so to do.